UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONCOGENERIX USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PHARMA RESOURCES GMBH; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  22-CV-1313 TWR (AHG)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(ECF Nos. 5, 7) |

    Presently before the Court is Plaintiff Oncogenerix USA, Inc.'s Response (ECF No. 7, "Resp.") to the Court's November 15, 2022, Order to Show Cause Why this Action Should Not be Dismissed for Lack of Subject-Matter Jurisdiction (ECF No. 5, "OSC"). Having reviewed Plaintiff's Response and other relevant law, the Court is now satisfied that it has subject-matter jurisdiction over this action.

    Plaintiff filed a Complaint seeking declaratory relief.  (ECF No. 1, "Compl.") Plaintiff asks the Court to find that Plaintiff is not required to participate in an arbitration that Defendant Pharma Resources GmbH initiated relating to a $440,000 debt that Plaintiff allegedly owes.  (*Id*. ¶¶ 12, 32).  The Court harbored doubt about its subject-matter jurisdiction based on the face of the Complaint and ordered Plaintiff to show cause why the action should not be dismissed for lack of subject-matter jurisdiction since the Federal

Arbitration Act does not create any independent federal-question jurisdiction and the Complaint did not adequately address the citizenship of Defendant for purposes of diversity jurisdiction. (OSC at 2–3.) Plaintiff responded clarifying that it is not asserting subject-matter jurisdiction on the basis that its claim arises under federal law. (Resp. at 2 n.1.) It also provided information about Defendant, a GmbH, stating Defendant is the German equivalent of a United States limited liability company and none of Defendant's members are citizens of California, such that the Court is satisfied that the Parties are diverse for the purposes of diversity jurisdiction. (*Id.* at 4–5.)

In addition, because Plaintiff is seeking declaratory relief, the Court must also determine whether it has jurisdiction to order such relief. The Declaratory Judgment Act, like the Federal Arbitration Act, does not independently confer jurisdiction. *See Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985). Instead, a party seeking declaratory relief must show there is an actual controversy regarding a matter within the Court's subject-matter jurisdiction. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–28 (2007); *Postmates Inc. v. 10,356 Individuals*, No. CV 20-2783 PSG (JEMx), 2020 WL 1908302, at *5 (C.D. Cal. Apr. 15, 2020). "A person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there." *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997) ("[W]e can reposition the parties in a declaratory relief action by asking whether we would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy."); *see Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 19 (1983) (explaining that federal courts have taken "jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights," the Court would have subject-matter jurisdiction), *superseded by statute on other grounds*, 28 U.S.C. § 1441(e).

Here, the potential coercive action Defendant could bring that would provide this Court with jurisdiction is a motion under section 4 of the Federal Arbitration Act, *see* 9 U.S.C § 4, to compel Plaintiff to participate in the disputed arbitration. *See Morgan Stanley*

*& Co. v. Couch*, 134 F. Supp. 3d 1215, 1223 (E.D. Cal. 2015), *aff'd*, 659 F. App'x 402 (9th Cir. 2016).  Even though the Federal Arbitration Act is not a source of federal-question jurisdiction, it allows a federal court to compel arbitration if the Court would have jurisdiction under title 28 of the United States Code over the underlying controversy between the Parties.  *Id.*  And here, the Court has diversity jurisdiction, *see* 28 U.S.C. § 1332, over the underlying dispute—as stated above, the Parties are completely diverse and the amount in controversy is $440,000.  So a motion to compel arbitration of this case would satisfy jurisdictional requirements.  *See Morgan Stanley & Co.*, 134 F. Supp. 3d at 1223.  As a result, the jurisdictional requirements are also met for Plaintiff's declaratory judgment claim.  *See Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1474 (9th Cir. 1997) (finding that a claim satisfying diversity requirements satisfied jurisdictional requirements for declaratory judgment).  The Court is therefore satisfied that it has subject-matter jurisdiction over this action.  Accordingly, the Court **DISCHARGES** its November 15, 2022, Order to Show Cause.

**IT IS SO ORDERED.**

Dated:  December 6, 2022

_____
Honorable Todd W. Robinson
United States District Judge